In re Complaint as to the Conduct of

## ERNEST W. KISSLING,
*Accused.*

(OSB 84-122, 85-13; SC S33584)

740 P2d 179

Richard Maizels, Portland, argued the cause and filed the brief on behalf of accused.

Susan D. Isaacs, Assistant General Counsel, Lake Oswego, argued the cause and filed the brief on behalf of the Oregon State Bar.

PER CURIAM

## PER CURIAM

Ernest W. Kissling, the accused, is a Portland attorney who has been charged with unprofessional conduct. We find the accused guilty of the charges discussed below and suspend him from the practice of law for a period of 63 days.

We find that in April of 1979, a client named Morissette requested that the accused represent him in acquiring occupancy permits from the City of Portland. Thereafter in 1979, Morissette instructed the accused to sue the city to obtain relief from the requirements imposed by the city. From time to time thereafter, the accused told Morissette that he had filed a complaint against the city when, in fact, he had not done so. On several occasions thereafter the accused told Morissette that the action was pending. In 1982, Morissette learned that the accused had not filed a complaint against the city.

In June of 1980, the accused agreed to file an action against a Portland hospital on behalf of a married couple to claim damages resulting from the hospital's alleged failure to administer medication to the wife after the birth of the couple's first child in 1978, to eliminate the adverse effect known as "RH factor incompatibility" on the health of the couple's subsequent children. At the time of the birth of the couple's second child in May of 1980, difficulties were encountered allegedly due to the hospital's failure to administer the appropriate medication. The alleged problems included the premature birth of the second child and extended hospital care thereafter.

For over two years after June of 1980, the accused failed to investigate the claim, failed to interview witnesses, failed to draft a complaint and, upon inquiry, failed to advise his clients that he had, in fact, done nothing. In March of 1983, the clients discovered that the statute of limitations had run on the wife's claim and that no action ever had been filed.

We find that the accused violated the following Disciplinary Rules:

DR 1-102(A)(3):

"It is professional misconduct for a lawyer to:

"* * * * *

"(3)   Engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

DR 6-101(B):

"A lawyer shall not neglect a legal matter entrusted to the lawyer."

DR 7-101(A)(2):

"A lawyer shall not intentionally:

"* * * * *

"(2)   Fail to carry out a contract of employment entered into with a client for professional services but the lawyer may withdraw as permitted under DR 2-110, DR 5-102 and DR 5-105."

DR 7-102(A)(5):

"In the lawyer's representation of a client, a lawyer shall not:

"* * * * *

"(5)   Knowingly make a false statement of law or fact."[1]

In addition, the Supreme Court may discipline a member of the Bar when:

"[t]he member is guilty of wilful deceit or misconduct in the legal profession."

ORS 9.527(4).

As in past cases, we have looked to the Standards for Imposing Lawyer Sanctions approved by the American Bar Association in 1986. The standards, not a part of the Disciplinary Rules, list aggravating and mitigating circumstances recommended to be considered in deciding an appropriate sanction.[2]

The applicable aggravating circumstances suggested by the standards are "substantial experience in the practice of law" and "multiple offenses." *In re Luebke,* 301 Or 321, 333-34, 722 P2d 1221 (1986). The accused has been a member of the Oregon State Bar since 1965.

---

[1] References are to the current numbers of the Disciplinary Rules. DR 1-102(A)(3) was formerly 1-102(A)(4); DR 6-101(B) was formerly 6-101(A)(3).

[2] These are set forth in *In re Luebke,* 301 Or 321, 333-34, 722 P2d 1221 (1986).

Suggested mitigating factors include the "absence of a prior disciplinary record," the "absence of a dishonest or selfish motive," "personal or emotional problems" (the accused was having marital problems and his partner had decided to leave the practice of law), "full and free disclosure to [the] disciplinary board", a "cooperative attitude toward proceedings," good character and reputation, and remorse.

We also look to our prior precedents: *In re Dugger,* 299 Or 21, 697 P2d 973 (1985) (63-day suspension for violating current DR 6-101(B), current DR 1-102(A)(3) and current DR 1-103(C) (failure to cooperate with the Bar's disciplinary investigation)); *In re Hiller,* 298 Or 526, 694 P2d 540 (1984) (accused suspended for four months for violating current DR 1-102(A)(3) and ORS 9.460(4) (an attorney shall employ means consistent with truth and never seek to mislead a court or jury)); *In re Bridges,* 298 Or 53, 688 P2d 1335 (1984) (accused suspended for 60 days for violating current DR 6-101(A) (lawyer required to provide competent representation), current DR 1-102(A)(3) and current DR 1-103(C) (failure to cooperate in disciplinary investigation)); *In re Morrow,* 297 Or 808, 688 P2d 820 (1984) (accused suspended for 60 days for violating current DR 1-102(A)(3), current DR 6-101(B) and current ORS 9.527(4)); and *In re Fuller,* 284 Or 273, 586 P2d 1111 (1978) (a 60-day suspension for violating current DR 1-102(A)(3) and current ORS 9.527(4))).

The accused's conduct is similar to the conduct in *Dugger, Bridges* and *Morrow.* True, in each of those cases the misconduct involved but one client. But the nature of the misconduct is similar. The mitigating factors support a 63-day suspension, the suspension selected by the Trial Panel.

The accused is suspended from the practice of law for 63 days from the effective date of this decision. ORAP 11.03. Costs awarded to the Oregon State Bar.